982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Franklin D. THOMAS, Plaintiff-Appellant,
v.
Shirley TURNER, Supervisor; Leon Moore, Coordinator,
Defendants-Appellees.
 No. 92-7046.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Franklin D. Thomas, a pro se prisoner, brought this action under 42 U.S.C. § 1983 (1988) against Shirley Turner. Turner, an employee of the Oklahoma Department of Corrections, supervised the prison box factory at which Thomas was employed. Thomas alleged that Turner and her supervisor, Leon Moore, fired Thomas from his job as lead man in the box factory in retaliation for a grievance against Turner that Thomas had filed eight days earlier with prison administrators. The district court dismissed the case as frivolous under 28 U.S.C. § 1915(d) (1988). Thomas appeals and we reverse.
 
 
 3
 A pro se prisoner's complaint may be dismissed as patently frivolous or malicious under section 1915(d) if it is based on an indisputably meritless legal theory or on clearly baseless factual contentions. See Northington v. Jackson, No. 92-1068, 1992 WL 194965, at * 1 (10th Cir. Aug. 17, 1992). Factual allegations are clearly baseless if they are "fantastic" or "delusional" when weighed most favorably to the plaintiff. Id. The district court's dismissal here under section 1915(d) was based on the court's conclusion that the complaint lacked an arguable basis either in law or fact. See rec., doc. 14, at 2. We must disagree.
 
 
 4
 The complaint and record, read most favorably to Thomas, allege that he filed an administrative grievance against Turner asserting that she had made untrue statements to other inmates about Thomas that placed him in fear of harm from those inmates. Thomas further alleged that shortly after he filed the grievance and because of it, Turner fired Thomas from his job as lead man at the prison box factory Turner supervised. Although Thomas alleged he was reinstated after five months, he allegedly was not given back his position as lead man nor did he receive back pay. These allegations, taken as true, create the inference of a constitutional deprivation remediable under section 1983. In Williams v. Meese, 926 F.2d 994 (10th Cir.1991), this court reversed the Rule 12(b)(6) dismissal of a pro se prisoner's claim "that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances." Id. at 998. We pointed out that "although plaintiff has no right to a job or to any particular assignment, prison officials cannot punish plaintiff for exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another." Id; see also Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986) (action taken in retaliation for inmate's filing of administrative grievance violates inmate's first amendment rights); cf. Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir.1990) (prison officials may not retaliate against inmate for exercising right of access to the courts). Thomas's legal theory is thus not indisputably meritless.
 
 
 5
 Moreover, the factual allegations upon which the claim is grounded are neither fantastic nor delusional. In rejecting the allegations as conclusory, the district court erred by using the standards applicable to a Rule 12(b)(6) motion to evaluate the propriety of dismissal under section 1915(d). See Neitzke v. Williams, 490 U.S. 319 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). "A plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § 1915(d)...." Hall, 935 F.2d at 1109 (emphasis added).
 
 
 6
 Accordingly, we grant Thomas leave to proceed informa pauperis. We reverse the dismissal under section 1915(d) and remand for further proceedings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3