30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Franklin D. THOMAS, Plaintiff-Appellant,
v.
Shirley TURNER, JLCC-O.S.I. Box Factory-Supervisor,
Defendant-Appellee.
 No. 93-7111.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Franklin D. Thomas ("Thomas"), an Oklahoma state prisoner, brought this action pro se under 42 U.S.C.1983 against his supervisor, Defendant-Appellee Shirley Turner ("Turner"), in the prison box factory, where Thomas formerly worked. Turner is an employee of the Oklahoma Department of Corrections at the John Lilley Correctional Center where Thomas is incarcerated. Thomas alleged that Turner retaliatorily fired him from his prison job as the lead man at the prison box factory eight days after Thomas filed a grievance against Turner.
 
 
 3
 The district court found that Thomas' allegations were too conclusory, that Thomas failed to identify any clearly established law the violation of which constituted a constitutional deprivation, and that Thomas failed to present evidence sufficient to survive Turner's summary judgment motion. This is the second time this case has been before us. We again reverse and remand.
 
 DISCUSSION
 
 4
 The district court dismissed Thomas' complaint on the grounds that it presented only conclusory allegations. Ordinarily, an Appellant has the burden of submitting the complaint as part of the record on appeal. Although Thomas did not submit the complaint on appeal, we have two other documents to rely upon: our prior unpublished opinion in which we remanded this case to the district court, 982 F.2d 530, 1992 WL 372364 (10th Cir.1992) (unpublished opinion) ("Thomas I"), and Thomas' Response to Motion to Dismiss and Motion for Summary Judgment. The characterization of Thomas' complaint in these two documents shows that he adequately raised a claim of retaliation in response to his exercise of free speech in using the prison grievance procedure.
 
 
 5
 Because Thomas appears pro se, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Thomas alleges that he engaged in speech that his supervisor, Turner, found unpalatable. She responded with statements of her own that Thomas thought violated prison regulations and that put him in fear of his physical safety. The battle escalated when Thomas then filed a grievance against Turner for her statements. Turner allegedly retaliated eight days later by dismissing Thomas from his job as lead man at the box factory.
 
 
 6
 These allegations are completely adequate to satisfy the notice pleading requirements. Thomas alleges motive and specific facts occurring in a specific time frame constituting retaliation as a result of his exercise of free speech. Thomas alleged facts sufficient to allow Turner to respond to his claim.
 
 
 7
 The district court not only said that Thomas' allegations were inadequate, but also held that Thomas had not identified a clearly established law that Turner violated because prison inmates do not have a clearly established right to a prison job. We agree that prison inmates have no clearly established right to a prison job; however, that is not the issue. The issue is whether Turner violated a clearly established First Amendment right to exercise one's free speech by filing a grievance pursuant to prison rules. The exercise of free speech by filing a grievance pursuant to prison rules should not be chilled by retaliatory action not contemplated by the grievance process itself. Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991). A fair reading of our prior remand is that Thomas' factual allegations were adequate to state a First Amendment claim. We reiterate:
 
 
 8
 [t]he complaint and record, read most favorably to Thomas, allege that he filed an administrative grievance against Turner asserting that she had made untrue statements to other inmates about Thomas that placed him in fear of harm from those inmates. Thomas further alleged that shortly after he filed the grievance and because of it, Turner fired Thomas from his job as lead man at the prison box factory Turner supervised.... These allegations, taken as true, create the inference of a constitutional deprivation remediable under section 1983. In Williams v. Meese, 926 F.2d 994 (10th Cir.1991), this court reversed the Rule 12(b)(6) dismissal of a pro se prisoner's claim "that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances." Id. at 998. We pointed out that "although plaintiff has no right to a job or to any particular assignment, prison officials cannot punish plaintiff for exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another. Id. (citing cases).
 
 
 9
 Thomas I, 992 WL 372364 at * 1. Thus, we reverse the district court's dismissal of this case, on this issue, because we find that Thomas did not fail to allege specific facts, which taken as true, allege the violation of a clearly established law.
 
 
 10
 The district court alternatively held that Thomas failed to present sufficient evidence to overcome Turner's summary judgment motion. Ordinarily, Thomas would have to come forward with some evidence to support his claims. But here, the evidence is under Turner's control as it relates to the reasons why Thomas was terminated from his prison job. Thomas made at least two discovery requests, and he alleges that Turner has failed to respond to those requests.
 
 
 11
 We do not find in the record that Thomas filed a Fed.R.Civ.P. 56(f) motion to alert the court to his inability fully to respond to a summary judgment motion because discovery was still needed. However, the docket sheet for this case reveals that Thomas made at least two motions to compel discovery, on June 30, 1993 and August 31, 1992, both of which the district court denied. Docket Entries 31 & 41, Record on Appeal Vol. I.[2] Additionally, Thomas requested that the court stay further proceedings until the court ruled on motions already pending. Docket Entry 36, Record on Appeal Vol. I. That motion was also denied. Finally, on the very day the court granted Turner's summary judgment motion, it denied Thomas' final motion to compel discovery.
 
 
 12
 We do not have the actual discovery requests before us. However, if Thomas made adequate requests for discoverable evidence that would support the allegations that we have, for the second time, found sufficient to state a constitutional deprivation remediable under section 1983, then summary judgment should not have been entered against him until after that discovery is complete. The court should take a fresh look at Thomas' prior discovery requests, in light of our decision that his allegations are not merely conclusory, to determine whether he was given a fair opportunity to obtain the evidence needed to survive a summary judgment motion. Only if he has had a fair opportunity to obtain the necessary evidence is summary judgment appropriate in this case.
 
 
 13
 Thus, we remand for the court to reconsider its denials of Thomas' motions to compel discovery to ascertain whether those motions should have been granted absent the court's erroneous conclusion that Thomas failed to allege facts sufficient to state a constitutional deprivation. If the district court reaffirms that Thomas' discovery requests were improper and that he has failed to seek proper discovery, the court should set forth its reasons on the record, if it has not done so previously, so that those rulings may be reviewed on appeal in the event that this motion comes up to us yet again.
 
 
 14
 Accordingly, we REVERSE and REMAND for action consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The court granted Turner's summary judgment motion in October 1993