**994**

ing under state law.[3]

Haywood WILLIAMS, Jr.,
Plaintiff–Appellant,

v.

Edwin MEESE; Norman A. Carlson; Jerry O'Brien; Superintendent, Federal Prison Industries; Job Placement Supervisor USP Leavenworth; Chaplain Craig; Chaplain Mabry; Mr. Spencer, Librarian; Mr. Vincent, Recreation Supv.; Mr. Gerald Austin; Mr. Gaunce; Mr. Anderson; Dr. Hill; Mr. Hackler; Mr. Morris; Commissary Supervisor; Mr. Simpson, Job Placement Officer; Unknown Members of the Institution Inmate Work and Performance Comm.; and Mr. M. Hammeke, Defendants–Appellees.

No. 90–3122.

United States Court of Appeals,
Tenth Circuit.

Feb. 27, 1991.

---

995

Haywood Williams, Jr., pro se.

Lee Thompson, U.S. Atty. and Connie R. DeArmond, Asst. U.S. Atty., Topeka, Kan., for defendants-appellees.

Before LOGAN, MOORE, and BALDOCK, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, who is incarcerated in the federal penitentiary in Leavenworth, Kansas, commenced the underlying action to recover monetary, injunctive, and declaratory relief for defendants' alleged violations of plaintiff's civil rights. Plaintiff incorporated into his complaint, and filed simulta-

neously therewith, various documents concerning the administrative grievances he had filed about the violations alleged in the complaint.

Plaintiff's allegations related to essentially five claims: (1) that defendants denied him certain prison job assignments, for which he was qualified, solely on the basis of his age, race, or handicap; (2) that defendants retaliated against him for filing administrative grievances in assigning him to jobs; (3) that defendants deprived him of his graduation ring and all but twenty dollars worth of postage stamps without affording him due process; (4) that defendants discriminated against him on the basis of his race in depriving him of the property; and (5) that the administrative grievance procedures were inadequate.

After most of the defendants answered the complaint, plaintiff filed a motion seeking, among other things, the appointment of counsel. Thereafter, the remainder of the defendants answered and two of them filed a motion to dismiss for lack of personal jurisdiction. Plaintiff subsequently filed a motion for summary judgment on his claims relating to the deprivation of his property, and moved to amend his complaint to allege that after he filed the present action, defendants retaliated against him by transferring him from his position as law library clerk to a position as laborer, and by denying his application for vacation.

By order dated March 26, 1990, the district court denied plaintiff's motion for summary judgment, specifically refused to address defendants' motion to dismiss for lack of personal jurisdiction, and dismissed plaintiff's action for failure to state a claim for relief. Plaintiff moved the court for reconsideration, which it denied by order dated April 12, 1990. Plaintiff then filed a notice of appeal and application for leave to proceed in forma pauperis on appeal. The district court denied the latter and plaintiff renewed his request with this court.

■ Plaintiff makes the following arguments on appeal: (1) that the district court erred in failing to appoint counsel to represent him; (2) that the district court failed to consider all of the jurisdictional statutes set forth in the complaint; (3) that the district court incorrectly construed the allegations in the complaint as asserting a constitutional right to employment, rather than impermissible discrimination in employment;[1] (4) that the district court erred in concluding that plaintiff was not entitled to either a pre- or post-deprivation hearing regarding the seizure of his property; and (5) that the "administrative procedure of grievance is not constitutionally adequate for the reasons stated in the complaint," Brief of Appellant at 7.

■ Turning to the first of plaintiff's arguments, "the district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981). In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. *Id.* at 887–89. The district court here did not specifically rule on plaintiff's motion for the appointment of counsel, and, therefore, did not state its reasons for not appointing counsel. The court may have declined to appoint counsel because it concluded that none of plaintiff's allegations stated a claim for relief. Since we conclude that plaintiff has stated two claims

---

1. Defendants assert for the first time on appeal that the district court did not have subject matter jurisdiction over plaintiff's discrimination in employment claim because plaintiff did not file a timely complaint with the EEOC. We disagree. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a require-

ment that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Since defendants did not raise below plaintiff's failure to file a timely complaint with the EEOC, they waived that requirement.

for relief, as discussed below, on remand, the district court should reconsider plaintiff's request for the appointment of counsel in light of the factors set forth in *Maclin.*

We will construe plaintiff's second argument, that the district court failed to consider all of the jurisdictional statutes set forth in the complaint, as well as the remainder of plaintiff's arguments, as a challenge to the district court's conclusion that none of the allegations in plaintiff's complaint was sufficient to state a claim for relief.

"The sufficiency of a complaint is a question of law which we review de novo." *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). A court may dismiss a complaint for failure to state a claim only if it concludes that "the plaintiff can prove no set of facts in support of his claim to entitle him to relief." *Id.* Furthermore, for purposes of making the foregoing determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir. 1988).

Plaintiff alleged the following sources of substantive rights as the bases of his claim for discrimination in the assignment of prison jobs: Title VII; the Age Discrimination in Employment Act (ADEA); the Equal Pay Act of 1963; the Rehabilitation Act of 1973; 42 U.S.C. §§ 1981 and 1997; and the fifth and eighth amendments to the United States Constitution. We will consider each in turn.

■ Neither Title VII nor the ADEA provides plaintiff any substantive rights because he does not have an employment relationship with the Federal Bureau of Prisons or any of the defendants. "Title VII protections apply only where there is some connection with an employment relationship." *Baker v. McNeil Island Corrections Center,* 859 F.2d 124, 127 (9th Cir. 1988). The same is true of the protections afforded by the ADEA. *See Messina v. Kroblin Transp. Sys., Inc.,* 903 F.2d 1306, 1308 (10th Cir.1990) ("it is appropriate for courts to use the law developed in the context of Title VII cases in ADEA disputes").

Whether a plaintiff is an "employee" for purposes of Title VII is a question of federal law. *Calderon v. Martin County,* 639 F.2d 271, 272–73 (5th Cir.1981). We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." Prisoner Not Protected From Racial Job Bias, 2 Empl.Prac.Guide (CCH) ¶ 6865, at 7099 (April 18, 1986) (EEOC Decision No. 86–7). Since plaintiff has no employment relationship with defendants, he cannot pursue a claim for discrimination against them under either Title VII or the ADEA.

■ The foregoing analysis precludes plaintiff's claims for discrimination under the Equal Pay Act and the Rehabilitation Act, as well. Plaintiff's claims under those statutes also have additional defects. Subsection (d) of 29 U.S.C. § 206 (Equal Pay Act), cited by plaintiff in his complaint, concerns only discrimination based on sex, not race, age, or handicap. The section of the Rehabilitation Act cited by plaintiff, 29 U.S.C. § 794, does not give plaintiff any substantive rights since the Federal Bureau of Prisons does not fit the definition of "programs or activities" governed by that section.

■ Plaintiff's reliance on 42 U.S.C. §§ 1981 and 1997 also is misplaced, since those statutes do not apply to plaintiff's claim of discrimination. Section 1981 protects rights not at issue in plaintiff's complaint, and sections 1997 through 1997j protect the rights of persons institutionalized in state, not federal, facilities.

■ Plaintiff's complaint also fails to state a claim for relief based on the eighth amendment. The eighth amendment prohibits the infliction of cruel and unusual punishment. Plaintiff's allegations that he has been assigned jobs inconsistent with his prior work experience and physical abilities do not rise to the level of deliberate indifference to his serious medical needs and, therefore, do not state a claim for cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

■ The allegations of plaintiff's complaint are sufficient, however, to state a *Bivens*[2] claim for deprivation of the right to equal protection secured by the fifth amendment. Although plaintiff has no right to a job in the prison or to any particular job assignment, *see Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986), prison officials cannot discriminate against him on the basis of his age, race, or handicap, in choosing whether to assign him a job or in choosing what job to assign him, *see Bentley v. Beck,* 625 F.2d 70, 70–71 (5th Cir.1980). Therefore, to the extent that plaintiff's discrimination claim is based on the fifth amendment, the district court erred in determining that he failed to state a claim for relief.

■ Similarly, the district court erred in dismissing plaintiff's claim that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances or the present civil rights action. Again, although plaintiff has no right to a job or to any particular assignment, prison officials cannot punish plaintiff for exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another. *Cf. Frazier v. Dubois,* 922 F.2d 560, 561–62 (10th Cir.1990) (although prisoner has no right to remain in any particular prison, prison officials cannot punish him for exercising his first amendment rights by transferring him to another prison).

■ The court correctly dismissed plaintiff's claims for deprivation of property without due process since the administrative grievance documents incorporated by plaintiff into his complaint showed that the ring and postage stamps seized by prison officials were sent to an address of plaintiff's choosing. Although plaintiff no longer has possession of the property, he still retains control over it and, therefore, has not been "deprived" of the property. Plaintiff's conclusory allegations that the seizure of his property was racially discriminatory are not sufficient to state a claim for relief since he does not allege that nonblack inmates were permitted to retain possession of similar jewelry or more than twenty dollars worth of postage stamps.

■ Finally, the district court properly dismissed plaintiff's claim that the grievance procedures were inadequate. The allegations are too conclusory to state a claim for relief and assert, at most, negligent conduct that does not implicate the due process clause. *See Bryson v. City of Edmond,* 905 F.2d 1386, 1390 (10th Cir. 1990).

In sum, the district court properly dismissed all of plaintiff's claims except that of discrimination in job assignments in violation of the fifth amendment, and that of retaliation for the exercise of first amendment rights.

Accordingly, plaintiff's request to proceed in forma pauperis on appeal is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. Plaintiff's request for the appointment of counsel on appeal is DENIED. Defendants' motion to supplement the record on appeal is DENIED as moot.

**2.** *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).