961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary L. FITZHUGH, Jr., Plaintiff-Appellant,
v.
THE WYOMING BOARD OF CHARITIES AND REFORM, Defendant,
and
Duane Shillinger, Archie Kirsch, M.D., Zack Rinderer,
Defendants-Appellees.
 No. 91-8045.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an order of the district court granting Defendants' Motion for Summary Judgment. On appeal, Plaintiff argues that (1) the district court abused its discretion in failing to appoint counsel to represent him; (2) the district court abused its discretion in denying his Motion for Extension of Time for Answering Defendants' Motion for Summary Judgment; and (3) the district court erred in granting the Motion for Summary Judgment. We conclude the district court did not abuse its discretion in failing to appoint counsel for Plaintiff, but did abuse its discretion in denying Plaintiff's motion for an extension of time. Because we remand on the second issue, we do not reach whether the district court erred in granting summary judgment.
 
 
 3
 On April 30, 1991, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by their deliberate indifference to his medical condition. Plaintiff had tested positive for human immunodeficiency virus (HIV+). Plaintiff claimed Defendants were deliberately indifferent by using outdated standards for AZT treatment and using ineffective testing methods to monitor his conditions. Also, on April 30, Plaintiff filed a Combined Motion to Accelerate Action on Docket and Motion to Set for Immediate Hearing. On May 13, 1991, Plaintiff filed a Supplement to Original Complaint alleging that the day he mailed his complaint he was given AZT, but Defendants had not provided him with a hepatitis B vaccination. A few days later, on May 20, Plaintiff filed a Motion for Order Accelerating Discovery and Requiring Filing of Discovery Documents with the Court. The district court granted the motion on May 22. In a May 28 Order on Initial Pretrial Conference, the district court set June 14 as the deadline for filing dispositive motions, June 21 as the response date, June 25 as the date to file counter affidavits in response to a summary judgment motion, and June 28 as the discovery cutoff date.
 
 
 4
 On May 31, Plaintiff filed his Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(d). Plaintiff contended the district court should appoint counsel because he could not afford to hire an attorney, the issues in the case were complex, he had no knowledge of the law, he had received assistance from an inmate who had no law training, he could not contact expert witnesses, his claims were meritorious, and he could not present his case to a jury. The district court denied the motion.
 
 
 5
 On June 13, Defendants filed a Motion for Enlargement of Time in Which to File Dispositive Motions. The district court granted the motion the same day. Without using the enlarged time, Defendants filed their Motion for Summary Judgment on June 14. On June 18, Plaintiff filed a Motion to Compel Discovery. On June 25, Plaintiff filed a motion for a ten-day extension of time to respond to Defendants' Motion for Summary Judgment. Plaintiff also filed a Motion to Vacate July 25, 1991, Trial Date. The grounds for the June 25 motions were his limited ability to research and the time involved in obtaining discovery.
 
 
 6
 Also on June 25, Plaintiff filed several other requests for discovery. He filed a first set of interrogatories for Defendant Zack Rinderer, a second set of interrogatories and first request for documents for Defendant Archie Kirsch, M.D., and a first set of interrogatories and request for documents for Defendant Duane Shillinger. Plaintiff also requested permission to take two written depositions. On June 26, the district court granted the request to take written depositions.
 
 
 7
 On July 1, the district court considered Defendants' Motion for Summary Judgment and Plaintiff's motions to compel discovery, for an extension of time, and to vacate the trial date. Based on "Defendants' unchallenged affidavits and medical records," the court concluded that Defendants did not violate Plaintiff's Eighth Amendment rights, because Defendants did not display deliberate indifference to Plaintiff's medical needs. The district court determined that Defendants never intentionally ignored any Food and Drug Administration standards regarding AZT. Even if Defendants did not adhere to standards, the court decided their conduct did not amount to deliberate indifference. Accordingly, the court granted Defendants' Motion for Summary Judgment. It denied Plaintiff's motion for extension of time on the grounds that the issues were not so complex as to warrant an extension and Plaintiff had adequate notice of the hearing on the matter and adequate access to materials to prepare a response. The court also denied as moot the motions to compel discovery and to vacate the trial date.
 
 
 8
 Subsequently, Kirsch filed his answers to the interrogatories, and Plaintiff filed his response to the Motion for Summary Judgment. Additionally, Plaintiff appealed.
 
 
 9
 Plaintiff first argues that the district court abused its discretion by refusing to appoint counsel to represent him. Plaintiff believes counsel should have been appointed because (1) he could not afford counsel; (2) the issues were complex; (3) he had no knowledge of the law or civil procedure; (4) he was unable to effectively contact witnesses; (5) his claims were meritorious; and (6) the attorneys he contacted refused to represent him.
 
 
 10
 " '[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.' " Williams v. Meese, 926 F.2d 994, 996 (10th Cir.1991) (quoting Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981)); see Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir.1991). In determining whether to appoint counsel, the court should consider various factors, including the following: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to understand and present his claims; and (4) the complexity of the legal issues raised in the claims. Williams, 926 F.2d at 996.
 
 
 11
 After examining the record on appeal, we conclude the district court did not abuse its discretion in failing to appoint counsel. In so ruling, we do not foreclose the district court's consideration of another Motion for Appointment of Counsel during further proceedings. Cf. Miller, 948 F.2d at 1572 (if pro se has colorable claim but lacks ability to present it, district court should appoint counsel); McNeil v. Lowney, 831 F.2d 1368, 1372 (7th Cir.1987) (pro se demonstrated ability to present case), cert. denied, 485 U.S. 965 (1988); Cookish v. Cunningham, 787 F.2d 1, 2-3 (1st Cir.1986) (that pro se alleges sufficient facts to state a claim will not require appointment of counsel without other significant factors).
 
 
 12
 Plaintiff argues the district court abused its discretion in denying his Motion for Extension of Time for Answering Defendants' Motion for Summary Judgment. Due to his limited opportunities to use the prison law library, Plaintiff believes he should have been permitted to respond within the time limits set out in the court's Order granting Defendants' Motion for Enlargement of Time in Which to File Dispositive Motions. Plaintiff contends that he did not challenge Defendants' affidavits because he did not have time to do so.
 
 
 13
 We review the district court's ruling on the motion for an extension of time for an abuse of discretion. Under the circumstances of this case, we conclude the district court abused its discretion in failing to grant the motion.
 
 
 14
 Plaintiff had only eight days to respond to the Motion for Summary Judgment. Because he was in prison and without a lawyer, eight days was an insufficient time in which to research and prepare a response.
 
 
 15
 Additionally, Plaintiff had discovery requests regarding Defendants' alleged deliberate indifference pending with the district court. The Motion to Compel Discovery was a request to have Kirsch answer interrogatories. The purpose of the interrogatories was to establish that Kirsch was aware of what tests to give. In the first set of interrogatories directed to Rinderer, Plaintiff sought to obtain information concerning testing, the standards for AZT treatment, and when Rinderer obtained the new AZT standards. In the second set of interrogatories and request for production of documents for Kirsch, Plaintiff sought information concerning testing and when and where Kirsh obtained the new AZT standards. In his first set of interrogatories and request for documents to Shillinger, Plaintiff, among other things, sought to establish when he had first requested AZT. Also, in Plaintiff's motion to take written depositions, he sought to depose two persons who had prepared affidavits in support of Defendants' Motion for Summary Judgment. Plaintiff's deposition questions for one of the persons concerned the standards for AZT treatment, the appropriate tests for HIV+, the effect on his medical condition from the time the first HIV+ test was given until AZT was prescribed, the necessity of a hepatitis B vaccination, and the effectiveness of AZT.
 
 
 16
 Although the district court granted the request for the written depositions, Plaintiff had only five days from the date of the Order granting the motion until the date the district court ruled on summary judgment to obtain written answers to the questions and to prepare his response to the summary judgment motion.
 
 
 17
 Because the discovery requested addressed the issue of deliberate indifference, see Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986) (plaintiff must notify court of need for additional discovery to oppose motion for summary judgment), the district court should have granted the motion for an extension of time. Although Plaintiff had requested expedited proceedings, that request was not at the expense of a reasonable opportunity to respond to the Motion for Summary Judgment. The district court abused its discretion in denying the motion for extension of time.
 
 
 18
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED as to the denial of the Motion for Appointment of Counsel and VACATED and REMANDED for further proceedings, after a reasonable opportunity for discovery, on the Motion for Summary Judgment.
 
 
 19
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3