5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leslie Wayne SMITH, Plaintiff-Appellant,
v.
Robert LAUGHLIN, Canon Stevens, Robert Jacobs, acting in
their individual capacities, Defendants-Appellees.
 No. 92-2278.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's decision dismissing his civil rights action pursuant to Fed.R.Civ.P. 12(b)(6). We review such a decision de novo, accepting plaintiff's well-pleaded factual allegations as true and construing those allegations in the light most favorable to him. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). Dismissal under Rule 12(b)(6) is appropriate only if it appears that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). We shall not express any opinion on any matter other than the district court's dismissal of plaintiff's action based on Rule 12(b)(6).
 
 
 3
 Plaintiff, proceeding pro se, asserted three causes of action under 42 U.S.C.1983, alleging, in essence, that defendants, New Mexico public defenders who represented plaintiff in a state criminal proceeding, had deprived him of federally protected rights by conspiring to obtain his conviction and to have that conviction affirmed on appeal. In order to state a valid 1983 cause of action, a plaintiff must allege the deprivation of a right guaranteed by the Constitution and the laws of the United States and that the defendants deprived him of that right under color of state law, custom, or policy. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Because appointed counsel in a state criminal prosecution does not act under color of state law in the normal course of conducting a defense, Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Polk County v. Dodson, 454 U.S. 312 (1981)), plaintiff's complaint did fail to state any valid 1983 claims.
 
 
 4
 The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED. Plaintiff's complaint is dismissed without prejudice. Plaintiff's request for in banc consideration of this appeal and his motion to present exhibits to this court are DENIED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3