F I L E D
United States Court of Appeals
Tenth Circuit

JUL 27 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK PORTLEY-EL,

      Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS, JERRY
GASKO, ROBERT FURLONG, JOHN
REILLY,

      Defendants-Appellees.

No. 99-1028

(D.C. No. 96-Z-1851)
(D. Colo.)

---

**ORDER AND JUDGMENT**   *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Bro. Patrick Portley-El, a state inmate appearing pro se and in

forma pauperis, appeals from the district court's dismissal of his claims filed

---

   *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb *et seq*., and 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Portley-El is a male African American and a practicing member of the Moorish Science Temple of America, a religious sect of the Muslim faith. In 1995, Portley-El approached the warden of the Colorado prison where he was incarcerated and requested to be excused from work on October 16, 1995, in recognition of the Million Man March being held in Washington, D.C. Portley-El maintained this date was a holy day because the march had been organized by Reverend Louis Farrakhan, who many Muslims apparently consider to be a messenger of Allah. Portley-El's request was denied on the grounds that the march was "social-political" in nature and not a religious holiday. Prison officials advised Portley-El he was free to fast and pray on his own, but he would not be given the day off work.

On the actual day of the march, Portley-El wore his fez to work as an act of faith in honor of the purported holy day. According to prison authorities, this was the first time Portley-El had worn such headgear. The supervising correctional officer felt the fez posed a potential security threat and ordered Portley-El to

remove it from his head.  Portley-El then filed the instant lawsuit.  Adopting the report and recommendation of the magistrate, the district court granted summary judgment to defendants.

II.

Portley-El alleges race and religious discrimination in violation of Title VII, RFRA, and 42 U.S.C. § 1983.  We address each in turn.

**Title VII Claims**

The court properly dismissed Portley-El's Title VII claims because Title VII applies only to discrimination of employees by employers.  Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991).  Portley-El is not an "employee" for purposes of Title VII.  Id.  "Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises from plaintiff's having been convicted and sentenced to imprisonment in the defendants' correctional institution.  The primary purpose of their association is incarceration, not employment."  Id. (internal alterations and quotations omitted.)

**RFRA Claims**

Portley-El's RFRA claims also must fail.  The Supreme Court declared RFRA unconstitutional as applied to the states in City of Boerne v. Flores, 521 U.S. 507 (1997).  Therefore, RFRA is inapplicable to the states and unavailable to Portley-El either as a jurisdictional basis, or as a source of relief for his claims.

**Section 1983 Claims**

In his § 1983 claims, Portley-El first challenges defendants' refusal to give him the day of the Million Man March off of work. Even assuming, arguendo, that observance of the march outside the work environment was a central tenet of Portley-El's faith, the Supreme Court has held unequivocally that prison authorities are not required to excuse inmates from work as long as their decision is grounded in legitimate penological objectives. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 350-53 (1987) (even if prison regulation rendered inmate's ability to practice a component of his faith impossible, regulation does not contravene First Amendment as long as it serves a legitimate penal objective). There is evidence in the record that accommodating Portley-El's request to be given this day off of work would have posed serious staffing and security dilemmas for the prison. See R. Vol. I, Doc. 39, Exh. B at 3-4. We thus conclude the district court properly granted summary judgment on this claim.

Portley-El next contends prison officials violated his First Amendment rights by refusing to allow him to wear a fez at work. Because such religious headgear may be used to conceal drugs, weapons, or other contraband, and may spark internal violence among prisoners, the wearing of such headgear poses a potential security threat and restricting its wear is entirely appropriate. See Butler-Bey v. Frey, 811 F.2d 449, 451 (8th Cir. 1987) (rejecting inmate's claim

-4-

that prohibition on wearing of fez violates First Amendment); see also Young v. Lane, 922 F.2d 370, 375-76 (7th Cir. 1991) (finding regulation disallowing yarmulkes outside of cell was justified by security concerns); Benjamin v. Coughlin, 905 F.2d 571, 578-79 (2d Cir. 1990) (holding prohibition on wearing of crowns does not run afoul of First Amendment).

III.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge