2001 OK CIV APP 102

**Michael C. WASHINGTON,**
**Plaintiff/Appellant,**

v.

**CORNELL CORRECTIONS, INC.,** Great Plains Correctional Facility, Defendant/Appellee.

No. 95,161.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 3, 2001.

Certiorari Denied July 3, 2001.

Michael C. Washington, McAlester, OK, Pro se.

Don G. Pope, Don G. Pope & Associates, P.C., Norman, OK, for Appellee.

JOPLIN, Judge:

¶ 1 Plaintiff/Appellant Michael C. Washington (Inmate or Plaintiff) seeks review of the trial court's order granting the motion for summary judgment of Defendant/Appellee Cornell Corrections, Inc., Great Plains Correctional Facility (CCI, GPCF, or collectively, Defendant) on Inmate's claim to recover unpaid wages allegedly due for labor performed while incarcerated. In this proceeding,[1] he asserts errors of law and fact by the trial court, demanding reversal. Having reviewed the record, however, we find no errors as alleged, and hold the order of the trial court should be affirmed.

---

1. Inmate's appeal would ordinarily be governed by the accelerated review procedures set forth at Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. However, apparently due to Inmate's continued incarceration, the matter stands submitted on the record assembled, completed and transmitted by the Court Clerk pursuant to the designation and counter-designation of record of the parties, and the parties' briefs.

¶ 2 CCI is a private corporation and houses designated inmates held in custody of the Oklahoma Department of Corrections (DOC) at GPCF, Hinton, Oklahoma, pursuant to a competitive-bid contract. See, Oklahoma Corrections Act, 57 O.S. §§ 561, et seq.; 74 O.S. § 85.7. Oklahoma statute and DOC operational policies permit the use of inmate labor by CCI at GPCF at the scheduled rates of compensation applicable to the inmate population held in State-run institutions. 57 O.S. § 561(B); DOC OP–030401, Part V; DOC OP–120202. See also, 57 O.S. § 138 (earned credits).

¶ 3 DOC transferred Inmate to GPCF. While there, Inmate worked in a warehouse and the law library, for which he received compensation according to the DOC schedule, about $32.00.

¶ 4 Inmate subsequently commenced the instant suit against Defendant to recover $3,468.00 in wages allegedly due and unpaid, claiming entitlement to the hourly minimum wage of $5.15 guaranteed by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA), for the hours he worked as an "employee" at the privately owned GPCF. Over Inmate's objection, the trial court directed GPCF to prepare a special report. See, Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

¶ 5 Upon submission of the special report to the trial court, Defendant filed a motion for summary judgment, asserting failure of Inmate's claim as a matter of law. See, Franks v. Oklahoma State Industries, 7 F.3d 971 (10th Cir.(Okla.) 1993) (FLSA definition of "employee" does not extend to inmates working in prison); Alexander v. Sara, Inc., 721 F.2d 149 (5th Cir. (La.) 1983) (inmates performing work on prison grounds for a profit-making private entity under contract with state corrections department not employees entitled to FLSA minimum wage). Inmate objected, and filed a counter-motion for summary judgment, asserting as a matter of "economic reality," his status as an "employee" of an "employer," the privately-owned GPCF, entitled to the FLSA-guaranteed minimum hourly wage. See, Watson v. Graves, 909 F.2d 1549 (5th Cir.(La.) 1990) (inmates in work release program working for private employers who select the inmates held employees entitled to minimum wage

coverage of FLSA); Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. (N.Y.) 1984)(inmates employed by community college within prison as teaching assistants may be covered by FLSA under the economic reality test).

¶ 6 On consideration of the submitted materials, the trial court granted Defendant's motion for summary judgment. Inmate appeals, asserting (1) inasmuch as Defendant admitted Inmate's statement of uncontroverted facts, and (2) because on the admitted facts, his cited authorities support his claim to relief, the trial court erred in granting judgment to Defendant. Defendant responds, arguing (1) the admission of the facts does not establish liability as a matter of law, (2) the Oklahoma Corrections Act, DOC policy and the parties' contract expressly permit use of inmate labor at the DOC rates of compensation, and (3) the 10th Circuit in Franks expressly held that prisoners such as Inmate enjoy no FLSA protections.

¶ 7 Having reviewed the cited authorities and the parties' arguments, under the facts and circumstances of this case, we believe the 10th Circuit in Franks properly analyzed the issue:

... The district court observed that although Williams v. Meese, 926 F.2d 994 (10th Cir.[ (Ka.) ] 1991) did not deal with the minimum wage standard of the FLSA as applied to prison labor, it did hold that a federal prison inmate was not an "employee" under Title VII, the Equal Pay Act, or the Age Discrimination in Employment Act (ADEA). The court held:

... We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." (Citation omitted.)

[*Williams* ], 926 F.2d at 997.

We believe that the same rationale applies in the instant case.

. . .

[And, i]n our view, the economic reality test was not intended to apply to work performed in the prison by a prison inmate.

7 F.3d at at 972.

¶ 8 In the present case, Inmate's relationship with GPCF arises, not out of some employer-employee relationship, but by virtue of Inmate's status as a prisoner convicted of one or more crimes and sentenced to a term of confinement in DOC custody. *Franks,* 7 F.3d at 972; *Williams,* 926 F.2d at 997. In our view, Inmate's confinement at GPCF, although privately owned, does not alter his status as a prisoner, not an "employee," and not entitled to FLSA protections under the "economic reality" test.

¶ 9 The order of the trial court is therefore AFFIRMED.

¶ 10 ADAMS, P.J., not participating; JONES, J., concurs.