**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6493**

CHARLES GREGG-EL, a/k/a Charles Gregg,

Plaintiff - Appellant,

v.

JOHN DOE, Health Services Director for the Virginia Department of Corrections; MR. WHITED, RNCB; Keen Mountain Correctional Center; R. SANDIFER, Institutional Ombudsman; Keen Mountain Correctional Center; J. KISER, Asst. Warden; Keen Mountain Correctional Center; R.C. MATHENA, Warden; Keen Mountain Correctional Center; L. FLEMING, Warden; Keen Mountain Correctional Center; DR. D'ALESSANDRO, Physician's Assistant; Keen Mountain Correctional Center; M. STANFORD, RN; B. J. RAVIZEE, Institutional Ombudsman; Wallens Ridge State Prison; A. DAVID ROBINSON, Warden; Wallens Ridge State Prison; D. WELLS, RNCA; B. WALLS, Institutional Ombudsman; J. F. WALRATH, Warden River North Correctional Center; A. MULLINS, Correctional Major; River North Correctional Center,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:16-cv-00038-NKM-RSB)

Submitted: October 31, 2018                    Decided: January 3, 2019

Before GREGORY, Chief Judge, DIAZ and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Bonnie Keith Green, THE GREEN FIRM, PLLC, Charlotte, North Carolina, for Appellant. Mark R. Herring, Attorney General, Victoria N. Pearson, Deputy Attorney General, Margaret Hoehl O'Shea, Assistant Attorney General, Toby J. Heytens, Solicitor General, Matthew R. McGuire, Principal Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General Designate, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia; Mary Foil Russell, SANDS ANDERSON, PC, Christiansburg, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Gregg-El appeals the district court's order granting Defendants' motions to dismiss and for summary judgment in Gregg-El's 42 U.S.C. § 1983 (2012) action. On appeal, Gregg-El challenges the dismissal of his First Amendment retaliation claim against A. Mullins and the dismissal of his Eighth Amendment deliberate indifference to serious medical needs claims against B. Walls, J.F. Walrath, and D. Wells.[1] For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Gregg-El alleged that Mullins, a correctional officer at the prison where Gregg-El is an inmate, denied him an institutional job in retaliation for filing grievances. The district court granted summary judgment to Mullins after concluding that Gregg-El had no right to participate in the grievance procedure and that Mullins' act of denying Gregg-El a job would not deter a person of ordinary firmness from exercising his First Amendment rights. The district court further concluded that there was no material factual dispute as to causation because Mullins supplied evidence that Gregg-El was denied a job based on his status as a "sex offender" and his past disciplinary infractions.

After the district court issued its order, we held that, since 2010, the law has been clearly established that an inmate's First Amendment right to petition the government is

---

[1] Citing the continuing violation doctrine, Gregg-El also contests the district court's conclusion that the statute of limitations barred his claims against the remaining Defendants. However, by neglecting to present this argument to the district court, Gregg-El has failed to preserve this issue for our review. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (ellipsis and internal quotation marks omitted)).

violated when he is retaliated against for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 755 (2018). Accordingly, we conclude that Gregg-El satisfied the first element of a retaliation claim by presenting evidence that he engaged in protected speech by filing grievances. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018); *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (stating elements of First Amendment claim).

As for the adverse action element, although the district court concluded that the denial of an institutional job would not "deter a person of ordinary firmness from the exercise of First Amendment rights," *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks omitted), we observe that our sister circuits have held otherwise, *see Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). We consider the reasoning of those decisions persuasive, and we therefore disagree with the district court and conclude that the denial of an institutional job can "chill a reasonable person's exercise of First Amendment rights." *Constantine*, 411 F.3d at 500-01.

With regard to causation, we conclude that a material factual dispute exists on this issue. Evidence attached to the complaint shows that Gregg-El filed two grievances in September 2015 and that Mullins informed him the following month that he was not fit for the job he desired. Consequently, the temporal proximity between Gregg-El's complaints and Mullins' decision that Gregg-El was unqualified to work a particular job

4

may support an inference of causation. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015).[2]

To refute the inference of causation, Mullins presented an affidavit stating that Gregg-El was not offered a job because "institutional policy" prevented "sex offenders" with "sex-related disciplinary convictions" from working in a particular building. But Mullins did not define the term "sex offender" for the purposes of that institutional policy or provide any written institutional policy on the topic, and it is unclear from the record whether Gregg-El is a "sex offender" within the meaning of the policy. Importantly, Gregg-El provided a prison employee's statement that Gregg-El was not considered a sex offender. In addition, Gregg-El asserted that other inmates with similar disciplinary infractions were permitted to work at the prison. Thus, the record before us reflects that material factual disputes exist as to causation, rendering summary judgment inappropriate.

Turning to the Eighth Amendment deliberate indifference claims, Gregg-El generally alleges that Walls, Walrath, and Wells refused to provide adequate medical treatment for his serious knee problems. However, based on our review of the record, we find no reversible error in the district court's resolution of these claims, and we therefore

---

[2] We have recognized that the analysis for causation is identical under § 1983 and Title VII of the Civil Rights Act of 1964, as amended. *See Causey v. Balog*, 162 F.3d 795, 804 (4th Cir. 1998).

affirm this part of the order for the reasons stated by the district court. *Gregg-El v. Doe*, No. 7:16-cv-00038-NKM-RSB (W.D. Va. Mar. 10, 2017).[3]

Accordingly, we vacate the district court's ruling on Gregg-El's retaliation claim against Mullins and remand for further proceedings on that claim. We affirm the remainder of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[3] Contrary to Gregg-El's argument, we discern no abuse of discretion in the district court's decision not to convert Wells' motion to dismiss into a motion for summary judgment. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (stating standard of review).