FILED
United States Court of Appeals
Tenth Circuit

April 23, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

FANNIE SSEBANAKITTA,

    Plaintiff - Appellant,

v.

UNITED STATES POSTAL SERVICE,
(Nan Raymond),

    Defendant - Appellee.

No. 20-3242
(D.C. No. 6:20-CV-01167-EFM-GEB)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Pro-se plaintiff Fannie Ssebanakitta filed a complaint in Kansas state court against Nan Raymond, who works for the United States Postal Service. Plaintiff alleges that Ms. Raymond (1) refused to deliver mail "according to doctor['s] orders," (2) failed to deliver mail, and (3) destroyed property. In later filings and before this court, Plaintiff alleges all of this conduct occurred on a discriminatory basis as she and

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

her family are Black. The Government removed the case to federal district court and filed a motion to dismiss. The district court granted the motion to dismiss for lack of jurisdiction, holding that the Postal Regulatory Commission has exclusive jurisdiction over Plaintiff's claims, and to the extent that any of Plaintiff's claims are torts claims covered by the Federal Torts Claim Act ("FTCA"), those claims are barred because Plaintiff failed to exhaust her administrative remedies.

Plaintiff now appeals the final judgment, asserting the district court erred in dismissing her claims. She first argues the district court erred because she's "exhausted all federal and local administrative remedies." Plaintiff attaches several letters (presumably sent to the post office) complaining of misconduct to support this claim. But these letters were not part of the district court record, and even if they were, they do not comport with the exhaustion requirements of the FTCA. A claim is deemed "presented" when a federal agency receives from the claimant "written notification of the incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *see also Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) (holding that "a series of letters" is insufficient to present an adequate claim to an agency for the purposes of the FTCA if they do not state a claim for a sum certain).

Plaintiff also contends the district court erred in failing to apply Title VII of the Civil Rights Act to her claims. She did not, however, allege a Title VII claim before the district court, and we typically do not consider arguments raised for the first time on appeal. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). Even if we did entertain Plaintiff's new claim, Title VII does not apply. Title VII protects

2

against discrimination in an employment context. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (explaining that Title VII protections only apply where there is some employment relationship). Plaintiff does not allege that she is an employee or applicant for employment with the United States Postal Service. Therefore, Title VII is inapplicable. *See* 42 U.S.C. § 2000e-16.

In sum, Plaintiff fails to present any legally or factually adequate basis for reversal. In a well-reasoned order, the district court competently explained why it lacked jurisdiction to consider Plaintiff's allegations. For the purpose of resolving this appeal, we have thoroughly reviewed the district court record, Plaintiff's appellate brief, and the Government's response brief. We discern no reversible error. Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM for substantially the same reasons set forth in the district court's order dismissing Plaintiff's complaint. We GRANT Plaintiff's motion to proceed in forma pauperis.

Entered for the Court

Bobby R. Baldock
Circuit Judge