**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2412
_____

JULIO BONILLA,
                              Appellant

v.

KEVIN RANSOM; RONALD SCAVONE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-01055)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2022
Before:  MCKEE[*], SHWARTZ and MATEY, Circuit Judges

(Opinion filed July 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] Judge McKee assumed senior status on October 21, 2022.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Julio Bonilla appeals from the District Court's order denying his motion for reconsideration. We will affirm the District Court's judgment.

I.

Bonilla was removed from his job in the prison garment factory after he was suspected of having stolen t-shirts. He filed a complaint in state court against Superintendent Ransom and Corrections Garment Factory Foreman Scavone, alleging that the decision was made in violation of his rights under the Eighth and Fourteenth Amendments. He also alleged that he feared being harmed by inmates who heard Defendant Scavone call him a "prison snitch." Bonilla sought reinstatement to his garment factory job, back pay, and damages.

The defendants removed the action to federal court and, after discovery, filed a motion for summary judgment, along with a brief and a detailed statement of material facts. ECF Nos. 26-28. Bonilla responded with what purports to be his own statement of facts, but it merely says that "there exists a genuine issue to be tried in reference to these contentions." ECF No. 29. His accompanying brief is terser still: "there exists a genuine issue to be tried." ECF No. 30.

A Magistrate Judge recommended that the District Court grant the defendants' motion. In his Report and Recommendation ("R&R"), he explained that Bonilla had no federal constitutional right to due process because prisoners do not have a liberty interest in a prison job. James v. Quinlan, 866 F.2d 627, 629 (3d Cir.), cert. denied, 493 U.S. 870 (1989). Besides, Defendant Ransom had no personal involvement with Bonilla's termination, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (respondeat

2

superior is insufficient basis for liability), while Defendant Scavone's role in Bonilla's dismissal was minimal and comported with prison regulations. Finally, to the extent that Bonilla sued the defendants in their official capacities, they are immune under the Eleventh Amendment.

By order entered December 22, 2020, the District Court adopted the R&R in full,[1] granted the defendants' motion and denied Bonilla's motion for appointment of counsel. On January 29, 2021, Bonilla filed a motion for reconsideration under Fed. R. Civ. P. 59(e) and a notice of appeal, both dated January 15 and mailed in an envelope postmarked a week later. The appeal was docketed at 21-1185. The Clerk advised him that his appeal faced dismissal for lack of jurisdiction because it appeared to be untimely. The Clerk also advised Bonilla of the prison mailbox rule, Houston v Lack, 487 U.S. 266 (1988), the effect of delay in delivering mail caused by the prison, United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989), and the effect on the scope of review of a timely Rule 59(e) motion, and invited him to respond with support for any allegations under Houston or Grana. He did not respond and the appeal was eventually dismissed for failure to pay the fees for the appeal.

---

[1] The R&R, filed on November 25, 2020, advised Bonilla that he could file objections within 14 days. On December 28, 2020, Bonilla filed objections, dated December 7. When the District Court entered its judgment it was thus under the impression that no objections had been filed, but its order states that it nevertheless gave de novo review to the R&R. To the extent that Bonilla complains now that the District Court did not consider his objections, we note that he did not raise the issue in his motion for reconsideration. In any event, his objections focus on the loss of his prison job and, as explained below, are thus meritless.

Meanwhile, by order entered July 14, 2021, the District Court denied Bonilla's motion for reconsideration. In it, Bonilla complained that the defendants provided "incomplete discovery matter" and that the COVID-19 lockdown made it impossible to use the prison law library or obtain assistance from jailhouse lawyers. He appeared to ask the court to appoint counsel to aid with discovery and perhaps also challenged the District Court's denial of his pre-judgment motion for counsel. The District Court was unpersuaded: "no amount of discovery could rectify [the] fatal defects in Bonilla's case." ECF No. 53 at 3.

This timely appeal followed.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291[3] and review the denial of Bonilla's Rule 59(e) motion for abuse of discretion. Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

As relevant here, to prevail on his motion for reconsideration Bonilla had to show "the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). But prisoners do not have a liberty or

---

[2] In the same order the District Court also denied Bonilla's motion to stay the proceedings and an earlier motion to extend the time to file his motion for reconsideration and notice of appeal for the underlying judgment. Bonilla makes no reference in his brief to these denials, however, so we deem any challenge to them forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

[3] Bonilla's Rule 59(e) motion was due by January 19, 2021, and was thus untimely. That does not deprive us of jurisdiction to review the District Court's order denying the motion, see Long, 670 F.3d at 446 n.19, but it does limit the scope of our review to that order. See Fed. R. App. P. 4(a)(4)(A).

property interest in a prison job assignment, so their employment is not, without more,[4]

protected by the federal constitutional right to due process.  James v. Quinlan, supra;

Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975).  And, in any event, Bonilla did not

effectively challenge the defendants' argument on summary judgment that Defendant

Ransom played no role in his dismissal and that the minimal role played by Defendant

Scavone complied fully with prison regulations.[5]

Thus, in granting the defendants' motion for summary judgment the District Court did not commit a "clear error of law," and "manifest injustice" did not ensue.  It follows that the District Court did not abuse its discretion in denying Bonilla's motion for reconsideration,[6] so we will affirm the judgment of the District Court.

---

[4]  A prisoner may not be denied a job for an impermissible reason such as race, see Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991), or in retaliation for exercising a right, Mack v. Warden Loretto FCI, 839 F.3d 286, 300 n.76 (3d Cir. 2016), but Bonilla made no such allegations in his complaint.  In his first level grievance appeal Bonilla did state in passing that the allegation that he stole t-shirts was racially motivated, but he provided no explanation for this bald allegation, which he did not repeat in his complaint.

[5]  As for Bonilla's allegation in his complaint that Defendant Scavone called him "a snitch," he made it only in passing, which may explain why it was not mentioned by the defendants, the Magistrate Judge or the District Court.  Bonilla did not mention its omission in his response to the motion for summary judgment or in his motion for reconsideration, and he mentions it only in passing in his brief; so we consider it abandoned, both in the District Court and on appeal.  See, e.g., In re Wettach, supra (deeming forfeited arguments that were not developed in the appellants' opening brief).

[6]  Similarly, because the threshold issue, when considering appointment of counsel, is whether the movant's claims appear to have merit, Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), the District Court did not abuse its discretion in denying Bonilla's various motions for appointment of counsel.