77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale H. KINNELL; Barbara J. KINNELL, Plaintiffs-Appellants,
v.
CONVENIENT LOAN COMPANY; Manager, Convenient Loan Company;
Employees, Convenient Loan Company, Defendants-Appellees.
 No. 95-7020.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before ANDERSON, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SETH
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's dismissal of their action, brought pursuant to the Equal Credit Opportunity Act (ECOA), 15 U.S.C. 1691-1691f, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692-1692o, for lack of subject matter jurisdiction. Plaintiffs, appearing pro se, claimed that defendant Convenient Loan Company discriminated against plaintiff Dale Kinnell, in violation of 15 U.S.C. 1691(a), when it refused simply to accept a late payment on a loan and charge a late fee and, instead, chose to accelerate the remaining balance due and to bring suit when plaintiff failed to pay. Plaintiffs also alleged that the manager and other employees of defendant loan company engaged in prohibited debt collection practices against both Dale Kinnell and plaintiff Barbara Kinnell, his wife, in violation of 15 U.S.C. 1692c, 1692d, and 1692g.
 
 
 3
 The district court concluded that it had no federal question jurisdiction over the action because plaintiffs could not state a claim under either federal Act, and that diversity jurisdiction also was lacking. We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291 and affirm, though not entirely on the same grounds relied upon by the district court.
 
 The ECOA provides, in part, that
 
 4
 [i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
 
 
 5
 (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
 
 
 6
 (2) because all or a part of the applicant's income derives from any public assistance program; or
 
 
 7
 (3) because the applicant has in good faith exercised any right under this chapter.
 
 
 8
 15 U.S.C. 1691(a). The ECOA defines an "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." Id. 1691a(b).
 
 
 9
 The district court held that, "in order to fall under the provisions of the ECOA, an aggrieved individual must have been denied an extension, renewal, or continuation of credit." R. Vol. I, Doc. 25 at 2. Because plaintiffs admitted in their complaint that defendant had extended Dale Kinnell credit, and their allegations related to "the processing of loan payments," rather than the "denial of an extension, renewal, or continuation of credit," id. at 3, the court concluded that Dale Kinnell was not an "applicant" within the meaning of the ECOA.
 
 
 10
 We review de novo the district court's construction of the statute. FDIC v. Canfield, 967 F.2d 443, 445 (10th Cir.) (en banc), cert. dismissed, 506 U.S. 993 (1992). "[T]he starting point for interpreting a statute is the language of the statute itself." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). "It is a general rule of construction that the statute should be read as a whole." Canfield, 967 F.2d at 446.
 
 
 11
 The ECOA makes it unlawful for a creditor to discriminate against an applicant "with respect to any aspect of a credit transaction." 15 U.S.C. 1691(a). This broad language effectuates the purpose of the ECOA, which is to protect people from the "denial or termination of credit ... on the basis of characteristics that have nothing to do with [a person's] creditworthiness,' " Miller v. American Express Co., 688 F.2d 1235, 1239 (9th Cir.1982)(quoting Equal Credit Opportunity Act Amendments of 1986, S.Rep. No. 94-589, 94th Cong., 2d Sess. 3, reprinted in 1976 U.S.C.C.A.N. 403, 405).
 
 
 12
 The district court's interpretation of the statute suggests that a person cannot state a claim under the statute unless he has affirmatively requested an extension, renewal, or continuation of credit and the creditor has denied the request. Thus, any sua sponte action on the part of the creditor, such as accelerating the terms of a note and effectively discontinuing the extension of credit, would not be actionable. Such an interpretation improperly narrows the scope of the ECOA.
 
 
 13
 Our broader construction of the ECOA is also supported by the regulations that the Board of Governors of the Federal Reserve System promulgated pursuant to the ECOA. Pursuant to those regulations, an "applicant" includes anyone "who has received an extension of credit from a creditor," 12 C.F.R. 202.2(e), and a "credit transaction" includes "every aspect of an applicant's dealings with a creditor regarding ... an existing extension of credit," even "collection procedures," id. 202.2(m).
 
 
 14
 Under our interpretation of the statute, plaintiff Dale Kinnell qualifies as an "applicant." Even if Dale Kinnell qualifies as an applicant, however, he must still allege that defendant discriminated against him on one of the statutorily prohibited grounds to state a claim under 1691(a) of the ECOA, or dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 15
 We construe a pro se plaintiff's claims liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), to determine whether "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 16
 Applying these standards, we conclude that plaintiff has completely failed to state a claim under the ECOA. The allegations of the complaint do not even suggest that plaintiff was treated "less favorably than other applicants," 12 C.F.R. 202.2(n) (defining the term "discriminate against an applicant"), much less that any unfavorable treatment was based on one of the statutorily prohibited grounds. Because plaintiff failed to state a claim under the ECOA, dismissal of this claim was proper.
 
 
 17
 The district court dismissed plaintiffs' FDCPA claim after concluding that defendants did not qualify as "debt collectors" under the Act. See 15 U.S.C. 1692a(6)(A). We agree with this analysis entirely, and affirm the dismissal of plaintiff's FDCPA claim on this ground.
 
 
 18
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Appellants' motion for oral argument and for the appointment of counsel for purposes of oral argument is DENIED as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3