**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLOS GARCIA,

      Plaintiff - Appellant,

v.

FRED LAWRENCE, Warden of
Corrections Corporation of America;
(FNU) FORD, Chief of Security;
(FNU) HUMPHRIES, Corrections
Officer; JOHN DOE, Correction
Officer,

      Defendants - Appellees.

No. 04-3212
(D. Kansas)
(D.Ct. No. 04-CV-3122-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Carlos Garcia,[1] appearing *pro se*[2] and *in forma pauperis*,[3] appeals the

district court's dismissal of his *Bivens* complaint[4] under 28 U.S.C. §

---

[1]In the district court, Appellant alternately referred to himself as Carlos Gasca Garcia and Carlos Garcia Gasca. The district court alternately captioned the case in the name of "Carlos Garcia" and "Carlos Garcia aka Carlos Gasca." On appeal, Appellant refers to himself as Carlos Garcia Gasca. We have captioned the case in the name of Carlos Garcia and will refer to Appellant by this name.

[2]We liberally construe *pro se* pleadings and appellate briefs. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003). We note Garcia applied for court-appointed counsel in the district court and repeats his request on appeal. *See* 28 U.S.C. § 1915(e)(1) (permitting appointment of counsel for indigent plaintiff). The district court did not rule on the motion. We deem it denied. The Sixth Amendment does not guarantee the right to counsel in a civil case. *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). We review denial of counsel in a civil case for abuse of discretion. *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995). This exists where the denial of counsel results in fundamental unfairness implicating due process. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). We consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* Because Garcia's claims are frivolous, the district court did not err in denying appointment of counsel. For the same reason, we also decline to appoint counsel.

[3]The district court authorized Garcia to proceed *in forma pauperis* in both the district court and on appeal. Garcia is reminded of his obligation to continue to make payment until all of his fees are paid in full. He shall satisfy his obligation to the district court first, followed by payment of his appellate fees.

[4]Although Garcia filed his complaint under 42 U.S.C. § 1983 (proscribing unconstitutional action by state agent), the district court properly recharacterized it as a complaint under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 389 (1971) (authorizing cause of action for violation of constitutional rights by federal agent) inasmuch as all named defendants are federal agents. *See also Smith v. Kitchen,* 156 F.3d 1025, 1028 (10th Cir. 1997) (distinguishing between § 1983 action for alleged constitutional violation by state agent and *Bivens* action for same violation by federal agent).

1915(e)(2)(B)(ii) for failure to state a claim for relief.  Exercising jurisdiction

under 28 U.S.C. § 1291, we dismiss the appeal as frivolous.  *See* §

1915(e)(2)(B)(i).

Garcia is a federal prisoner.  While incarcerated at a federal facility in

Leavenworth, Kansas,[5] correctional officers (acting on a request by the

Immigration and Naturalization Service but without a warrant) searched his cell

and confiscated his legal materials.  Within several hours, the materials were

returned to him intact.  Garcia then filed a *Bivens* suit alleging the defendants (the

warden, chief of security and two corrections officers) violated his Fourth

Amendment right to be free from unreasonable search and seizure and his Fifth

Amendment right to due process (access to the courts).[6]  Exercising its

responsibility under 28 U.S.C. § 1915A, the district court screened the complaint

and ordered Garcia to show cause why the complaint should not be dismissed for

failure to state a claim.  After considering Garcia's response, the court dismissed

the complaint.  Timely appeal followed.

We review de novo a dismissal pursuant to § 1915(e)(2)(B)(ii).  *Perkins v.*

*Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999).  We accept the

---

[5]The federal facility in which Garcia was incarcerated was operated by the Corrections Corporation of America at the time of filing this appeal.

[6]On appeal, Garcia characterizes his right of access to the courts as being grounded in the 5th, 6th and 14th Amendments.  The due process clause protects the right of access to the courts.  *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429-30 (1982).

allegations in the complaint as true and construe them in a light most favorable to the plaintiff. This does not mean, however, that we will "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor are we "bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994). Dismissal is appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins,* 165 F.3d at 806.

We turn now to Garcia's complaint. He alleges the defendants violated the Fourth Amendment in confiscating his legal materials. We easily dispose of this claim. A prisoner enjoys no Fourth Amendment right in his prison cell. *Hudson v. Palmer,* 468 U.S. 517, 526 (1984). This is so even when the search is instigated by the false accusations of another inmate, as Garcia has alleged. *See id.* at 528-30. Next, Garcia complains the defendants, by means of the confiscation, interfered with his right of access to the courts guaranteed by the due process clause of the Fifth Amendment. At the time his legal materials were confiscated, he stood indicted by a federal grand jury for several drug felonies. This claim also fails. While Garcia certainly enjoys the fundamental right of access to the courts even as a prisoner to state a claim for deprivation of this right

he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 346, 351 (1996). This he has failed to do in other than a conclusory fashion. A single instance of removal of his legal materials for a few hours does not constitute a deprivation of Garcia's right of access to the courts.

Accordingly, we **DISMISS** the appeal as frivolous.[7]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[7]Garcia accumulates two strikes as a result of this appeal, one due to the district court dismissal for failure to state a claim and one due to our dismissal of the appeal as frivolous. *See* 28 U.S.C. § 1915(g); *Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780-81 (10th Cir. 1999).