**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FREDERICK RIDEOUT GRAY, JR.,

    Plaintiff - Appellant,

v.

GEO GROUP, INC.; LAWTON
CORRECTIONAL FACILITY; JOE M.
ALLBAUGH; MARK KNUTSON; GREG
WILLIAMS; HECTOR A. RIOS, JR.;
JOHN/JANE DOE; CHRISTINA
THOMAS; BUDDY HONAKER; DR.
FNU LANGE, Ph.D.; DR. JANNA
MERGAN, Ph.D.; FNU COLLINS; LT.
FNU MECDE; LT. FNU ENGLE; MIKE
PLUME; JAMIE RICHMAND; DR. SAM
MUSLLAM, M.D.; DR. FNU SHAH; FNU
SIMPKINS, LPN; FNU JUAREZ, C/O;
FNU TUNSTAL, C/O; FNU
WASHINGTON, C/O; FNU BLACK,
CCM IV, in their individual (personal)
and/or official capacities,

    Defendants - Appellees.

No. 17-6135
(D.C. No. 5:17-CV-00137-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*]   After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Frederick Rideout Gray, Jr., a state inmate proceeding pro se and in forma pauperis, filed suit under 42 U.S.C. § 1983 and Oklahoma law against various prison and Oklahoma Department of Corrections (ODOC) officials in their personal and/or official capacities. He appeals the district court's dismissal of his action and its denial of his motions for leave to amend his complaint and for appointment of counsel. He also requests leave to proceed on appeal in forma pauperis. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal with prejudice of several claims and the district court's denial of Gray's motions for appointment of counsel. We reverse the judgment dismissing other claims, reverse denial of leave to amend, and remand for further proceedings. We also grant the IFP motion.

## BACKGROUND

According to his complaint, Gray is a long-time Oklahoma state inmate who was housed in the Inmate Mental Health Unit of the Oklahoma State Penitentiary until he was transferred in June 2016 to the Lawton Correctional Facility (LCF). Gray alleged that after his transfer various LCF staff and ODOC officials were deliberately indifferent to his previously diagnosed mental health and other medical concerns, filed unjustified misconduct reports against him to cover up their wrong-doing and in retaliation for his verbal and written grievances, failed to address his grievances, and promulgated an unconstitutional 10:00 p.m. lights-out policy. As a result, Gray filed a civil rights complaint under § 1983 against more than

2

20 defendants alleging their actions had deprived him of rights secured by the U.S. Constitution and other federal and state laws. As relief, he sought monetary damages, declaratory relief, an injunction ordering his transfer to another prison where he could receive mental health treatment, treatment of various physical injuries, and expungement of his disciplinary convictions.

On referral from the district court, the magistrate judge screened Gray's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) and recommended that his claims be dismissed for failure to state a claim, some with prejudice and some without prejudice. The magistrate judge also recommended that the district court deny Gray's motion for appointment of counsel and decline to exercise supplemental jurisdiction over his state law claims. Gray filed objections to most of these recommendations, as well as a motion for leave to amend his complaint and amended complaint and a second motion for appointment of counsel that included a request for appointment of a guardian ad litem. The district court adopted the magistrate judge's recommendation in full, denied Gray's motion for leave to amend, struck his amended complaint, denied his second motion for appointment of counsel or guardian ad litem, and entered judgment against him. It also denied Gray's subsequent motions under Rule 59(e) and Rule 60(b) in which he sought relief from judgment in order to amend his complaint. This appeal followed.

## DISCUSSION

Gray appeals the district court's dismissal of certain of his claims and its denial of his motions to amend his complaint and for appointment of counsel. We address each in turn.

### A.      Dismissal of claims[1]

We review de novo a district court's dismissal of a prisoner's claims under 28 U.S.C. § 1915A and § 1915(e)(2) for failure to state claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). In this review, we consider whether Gray's complaint contains sufficient facts "to state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We also consider the exhibits to Gray's complaint in determining whether he stated a claim, *see Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as factual allegations included in his objections to the magistrate's report and recommendation, *see McBride*, 240 F.3d at 1289. Although we liberally construe Gray's pro se complaint and other filings in our review, we do

---

[1] Mr. Gray abandoned or has forfeited appellate review of two additional claims asserted in his complaint. In his objections to the magistrate judge's report and recommendation, he expressly abandoned his claim that various defendants failed to protect him from inmate assault. R. at 327. He forfeited appellate review of the district court's dismissal with prejudice of his claim regarding access to prison programs by failing to address dismissal of this claim in his opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Notwithstanding his pro se status, Gray also still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and of complying with the same rules of procedure as other litigants, *Garrett*, 425 F.3d at 840.

### 1. Deliberate indifference to medical needs

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Gray alleges a number of the defendants violated his Eighth Amendment rights after his transfer to the LCF by: (1) not properly treating his previously diagnosed mental illness; and (2) failing to adequately address his previously injured knee and neck as well as diabetic nerve pain in his feet and other injuries.

The test for a deliberate indifference claim has both objective and subjective components. *Id.* The objective component requires that the harm suffered as a result of the prison's inadequate medical care be sufficiently serious to implicate the Eighth Amendment's Cruel and Unusual Punishment Clause. *See id.* at 753. "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 751 (internal quotation marks omitted).

5

The subjective component of the deliberate indifference test requires that the plaintiff "present evidence of the prison official's culpable state of mind," *id.*, and is met by showing that the defendant knew the plaintiff "faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it," *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal quotation marks omitted); *see also Mata*, 427 F.3d at 751. Allegations or evidence that the defendants were negligent in diagnosing or treating a medical condition does not meet this standard. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor does mere disagreement with the type of medical care provided establish an Eighth Amendment violation. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoners do not have Eighth Amendment "right to a particular course of treatment").

The district court dismissed Gray's deliberate indifference claim without prejudice based on his failure to allege sufficient facts to establish either component of this claim as to any of his asserted medical needs. In particular, the court found Gray relied primarily on conclusory legal assertions to state this claim and that he failed to provide fair notice to defendants of who did what to whom and when as required by Rule 8 of the Federal Rules of Civil Procedure.[2] We conclude the court

---

[2] Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), one that is supported by more than conclusory allegations, *see Iqbal*, 556 U.S. at 678, and contains sufficient information to give the defendants fair notice of his claims against each of them, *see Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("[I]n a § 1983 action it is particularly important that the complaint make clear exactly *who* is

(continued)

6

erred in dismissing Gray's deliberate indifference claim relating to his mental health needs and his injured knee but was correct in finding that he failed to state a deliberate indifference claim regarding his neck injury and other asserted medical conditions.

*Mental health needs*

Reading Gray's complaint and objections liberally, Gray alleged in his complaint and objections to the magistrate judge's report and recommendation that: (1) he has been diagnosed and treated for bipolar, depressive, psychotic disorders; (2) after his transfer to LCF he failed to receive his customary mental health medications as a result of numerous, recurring dispensing errors by the prison nursing staff; (3) he informed defendant Thomas (LCF health services administrator), Shah (LCF psychiatrist), Rios (LCF warden), Black (LCF case manager coordinator), Lange (ODOC regional mental health coordinator) and Morgan (ODOC chief mental health officer), of these failings and warned defendants Thomas, Shah, Black, Rios, and Lange that he needed to receive these medications in the proper doses to remain stable and not become a management problem; (4) these officials did not take action to correct the persistent medication errors; and, (5) as a result, Gray became mentally unstable, acted out, and was disciplined by placement in a segregated housing unit. He further alleged that as his mental health deteriorated, he asked defendants Lange, Morgan, Rios, and Thomas to transfer him to a facility that had a mental health

---

alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." (internal quotation marks omitted)).

treatment program that could better treat his mental health concerns, but that they failed to act. In addition, he alleged that defendants Rios, Shah, Thomas and Lange were deliberately indifferent to his mental health needs as a result of their failure to properly hire, train and manage nurses who were capable of properly dispensing medication. Based on these facts, in his objections Gray identified defendants Thomas, Lange, Morgan, Rios, Black, and Shah as the defendants subject to this deliberate indifference claim.[3]

Gray's allegation that he was diagnosed and treated for the cited mental health disorders is sufficient to establish the objective component of his deliberate indifference claim regarding his mental health needs. *See Mata*, 427 F.3d at 751 ("[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment . . . ." (internal quotation marks omitted)). His allegations that he notified the named defendants of the persistent medication errors and their potential consequences and of his deteriorating mental health and that they did not take action to abate these conditions satisfies the subjective component of this deliberate indifference claim against these defendants. *See Martinez*, 563 F.3d at 1089 (holding subjective component met by showing that defendants knew the plaintiff "faced a

---

[3] In his complaint, Mr. Gray identified a larger set of defendants as being aware of these medication errors but deliberately indifferent to them. *See id.* at 70 (¶ 36) (in addition to the six defendants named in his objections, identifying defendants Honaker, Collins, Allbaugh, Williams, "Lt. Engle" and "RN Richmond"). We agree with the district court that Mr. Gray's allegations regarding the additional defendants in this list are conclusory and hence are not sufficient to state a claim against them.

substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it") (internal quotation marks omitted). Further, these allegations meet the notice requirements imposed by Rule 8 because they inform each defendant what they allegedly did to violate federal law with enough specificity to enable each defendant to respond. *See Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. 2007). We therefore reverse the district court's dismissal of Gray's mental health deliberate indifference claim against these six defendants for failure to state a claim.[4]

*Injured knee*

In his complaint and objections, Gray satisfied the objective component for his deliberate indifference claim regarding his injured knee by alleging that the injury was sufficiently serious and painful that it was treated by the LCF medical staff. *See* R. at 323 (reporting LCF medical staff attempted to relieve knee pain by a cortisone injection and medication); *see also* R. at 230 (referencing treatment at previous facility). He also alleged that he continued to suffer significant chronic pain despite the cortisone injection and pain medication he received, but that additional treatment and potential surgery were delayed because an MRI ordered by Dr. Musllam, LCF's resident physician, in October 2016 to assess the injury had not taken place as of the date of his

---

[4] In so holding, we do not address whether factual material included in the 182-pages of exhibits Mr. Gray attached to his complaint, which consists primarily of requests for health service, requests to staff and grievances, are consistent with the allegations in Mr. Gray's complaint and his objections to the magistrate judge's report and recommendation.

9

complaint and his May 2017 objections. A delay in treatment that results in substantial harm constitutes an Eighth Amendment violation, and the substantial harm requirement is satisfied by evidence of "considerable pain." *Mata*, 427 F.3d at 751 (internal quotation marks omitted).

Gray also alleged that Dr. Musllam told him in response to his request for additional pain relief that he did "not meet the requirements for anything stronger" and needed "to toughen up." R. at 323. Read liberally, these allegations assert Dr. Musllam was aware of Gray's knee injury and the chronic pain it caused him but did not take reasonable steps to abate it. Gray therefore sufficiently pled that Dr. Musllam had the culpable state of mind required to state a deliberate indifference claim against him.[5] *See Martinez*, 563 F.3d at 1089.

It appears Gray also alleges other defendants were deliberately indifferent to his knee injury, *see* R. at 323 (referring to "defendants" who knew of but did not do anything regarding his serious knee pain), but he does not identify these defendants or facts notifying them of what they allegedly did, or did not do, with respect to this injury. Accordingly, Gray failed to state a claim or satisfy Rule 8's notice requirements regarding his knee-related deliberate indifference claim with respect to any defendant other than Dr. Musllam.

---

[5] Of course, if the evidence shows that Dr. Musllam's failure to treat Mr. Gray's knee pain reflected his professional judgement or even was negligent, rather than deliberately indifferent, then the subjective component of this claim would not be met. *See Estelle*, 429 U.S. at 106; *Callahan*, 471 F.3d at 1160. This is not the question before us, however, as we are only concerned at this time with whether Mr. Gray has pled sufficient facts to state a plausible claim.

10

### 2. Retaliatory misconduct charges

In his complaint Gray alleged defendants Engle, Tunstal, Juarez, Simpkins and Washington each wrote "bogus" misconduct charges against him in order to cover up their failure to provide him with his prescribed mental health medications and/or in retaliation for the grievances he pursued or threatened to pursue. The magistrate judge construed these allegations as an attempt to assert a claim that each of these defendants violated Gray's First Amendment rights by retaliating against him for exercising his constitutional right to file administrative grievances, *see Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (inmate's right to file grievances and petition the court are constitutionally protected activities); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (same), and Gray has not objected to this characterization. In order to state a First Amendment retaliation claim against each defendant, Gray had to allege: (1) he engaged in constitutionally protected activity; (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially motivated as a response to his constitutionally protected activity. *Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015).

The district court dismissed Gray's retaliation claim against defendant Juarez for failure to state a claim *without* prejudice, for the reasons discussed below. It dismissed his retaliation claims against defendants Engle, Tunstal, Simpkins and Washington *with* prejudice on the ground that Gray alleged only that they filed bogus charges against him, rather than alleging that they acted in retaliation for him filing grievances or otherwise

11

engaging in constitutionally protected activity. "But dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee*, 627 F.3d at 1195 (internal quotation marks omitted). It is not clear to us at this juncture that this is so. In fact, in his objections to the magistrate judge's report, Gray affirmatively alleged that each of these defendants "contrived their bogus misconduct offences due to [his] proactiveness in the grievance process and . . . to impede his efforts to seek redress in the courts." R. at 327. These allegations, accepted as true and read in the light most favorable to Gray for purposes of assessing whether he has stated a claim, *see McBride*, 240 F.3d at 1289, undermine the district court's stated rationale for dismissing the First Amendment retaliation claim against these defendants with prejudice.

That is not to say that Gray has successfully stated a retaliation claim against these four defendants. His allegation of retaliatory motive against these defendants is both vague and conclusory. His allegations also fail to explain why each of the misconduct charges he identifies would chill a person of ordinary firmness from continuing to engage in the protected activity, or that each defendant would not have brought the misconduct charges but for Gray's grievances, *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) ("An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." (internal quotation marks omitted)). It was these same defects that prompted the district court to dismiss Gray's final retaliation claim, against defendant Juarez, *without* prejudice even

12

though Gray had alleged defendant Juarez acted with a retaliatory motive. We therefore agree with the district court that Gray has thus far failed to state a claim for First Amendment retaliation claim against any of these five defendants. The dismissal as to all five defendants should have been without prejudice, however, for the reasons stated above.[6]

### 3. Additional claims on appeal

Gray also appeals the district court's dismissal of certain of his other claims. After careful consideration of Gray's brief, the record on appeal and relevant authority, we find no error in dismissal of these claims.

The district court properly dismissed without prejudice Gray's official-capacity claims for damages against the ODOC defendants because such claims are construed as claims against the state and are thus barred by Eleventh Amendment sovereign immunity. *See, e.g.*, *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (holding federal courts lack jurisdiction to consider official-capacity damage claims because of Eleventh Amendment immunity).

The district court also properly dismissed with prejudice Gray's Eighth Amendment challenge to LCF's 10:00 p.m. lights-out policy. As Gray notes, some

---

[6] Mr. Gray also challenges the magistrate judge's statement that part of the relief sought on this claim, expungement of the allegedly retaliatory misconduct convictions, could be obtained only through a separate petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* R. at 303 n.5. The magistrate judge acknowledged later in his discussion of this issue, however, that he lacked sufficient knowledge about these misconduct convictions to know if this result was required under *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) and *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* R. at 303 n.5.

13

courts have held that a prison's failure to provide adequate lighting for reading and other purposes may violate the Eighth Amendment's requirement that adequate shelter be provided. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). Gray does not allege that he lacks sufficient light to read and write, however, only that he would prefer to have light available for these purposes after 10:00 p.m., when the prison is quieter. The prison's failure to accommodate this preference is not objectively serious enough to violate the Eighth Amendment's prohibition of cruel and unusual punishment.

Finally, there is no independent constitutional right to state administrative grievance procedures. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick*, 932 F.2d at 729. Accordingly, the district court properly dismissed Gray's due process, First Amendment, and equal protection claims relating to various defendants' failure to answer his grievances.[7]

## B. Denial of leave to amend complaint

The district court denied Gray's motion for leave to amend his complaint, filed contemporaneously with his objections to the magistrate judge's report and

---

[7] Some of Mr. Gray's grievance-related allegations and argument appear to be intended to demonstrate that he exhausted his administrative remedies regarding various claims. Neither the magistrate judge nor the district court addressed this issue in the proceedings below, and hence it is not before us on appeal.

recommendation, and also his subsequent motions under Rules 59(e) and 60 seeking relief from the judgment dismissing this action to allow him to amend his complaint.

We review a district court's refusal to permit an amendment for abuse of discretion. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Under this standard, we will disturb the district court's decision only if we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Nieto v. Kapoor*, 268 F.3d 1208, 1221 (10th Cir. 2001) (internal quotation marks omitted). Because Fed. R. Civ. P. 15(a) provides that leave should be freely granted "when justice so requires," denial of leave is generally justified only for "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In addition, as a general rule, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

In his proposed amended complaint, Gray re-alleged his deliberate indifference claims, his First Amendment retaliation claims against defendants Juarez, Engle, Tunstal, Simpkins, and Washington, and new retaliation claims and an assault and battery claim against additional defendants who were not included in his original complaint. The district court denied Gray's requests for leave to amend his complaint and struck his

15

proffered amended complaint on two grounds, the first of which was that Gray sought to re-allege certain claims the district court had dismissed with prejudice earlier in its order. Of the claims included in the amended complaint, however, only the First Amendment retaliation claims against defendants Engle, Tunstal, Simpkins, and Washington had been dismissed with prejudice, and we concluded for the reasons stated earlier that this dismissal should instead have been without prejudice.

The district court also denied leave to amend on the ground that Gray's amended complaint failed to provide a short, plain statement of his claims as required by Rule 8. Gray's amended complaint, however, included considerable additional factual allegations. These included allegations reported in his objections to the magistrate judge's recommendation that we concluded above help satisfy Rule 8's requirements with respect to his deliberate indifference claim against certain defendants. Gray therefore complied with Rule 8's pleading requirements with respect to the deliberate indifference claim against these defendants.

While the remainder of the re-alleged and new claims in the amended complaint may still have been deficient under Rule 8, it is notable that the district court did not consider whether these defects could be cured by amendment or rule that amendment of these claims was futile. As indicated earlier, as a general rule, a pro se plaintiff should be given an opportunity to amend his complaint unless the district court finds amendment would be futile or that one of the other recognized justifications for denying leave to amend applies. *See Kay*, 500 F.3d at 1217; *Frank*, 3 F.3d at 1365. In light of this authority and our finding that at least part of the amended complaint satisfied Rule 8 and

16

stated a deliberate indifference claim, we find the district court "exceeded the bounds of permissible choice in the circumstances," *Nieto*, 268 F.3d at 1221 (internal quotation marks omitted), when it denied Gray leave to amend. We therefore reverse and remand the district court's denial of Gray's requests for leave to amend.

## C.    Denial of motions to appoint counsel[8]

We review the district court's denial of Gray's motions for appointment of counsel for abuse of discretion. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). While courts are not authorized to appoint counsel in a pro se § 1983 case, they may request that an attorney take the case.[9] *Id.* at 396 (citing 28 U.S.C. § 1915(e)(1)). In considering whether to make such a request, the court should consider: (1) the merits of the claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present the claims; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The district court considered each of these factors in denying Gray's motion. Having considered Gray's arguments on appeal, we conclude that the district court did not make a clear error of judgment or exceed the bounds of permissible choice in the circumstances. Accordingly, the district court did not abuse its

---

[8]    Although Mr. Gray referenced his request for appointment of a guardian ad litem in the heading for his argument on these motions, he forfeited appellate review of the district court's denial of this request by failing to include argument concerning it in his opening brief. *See Bronson*, 500 F.3d at 1104.

[9]    Attorneys may decline these requests, and sometimes do because the court may be unable to pay them for their time or reimburse them for out-of-pocket expenses. *See Rachel*, 820 F.3d at 397 n.7.

17

discretion in denying Gray's motions for appointment of counsel. *See Nieto*, 268 F.3d at 1221.

## CONCLUSION

We affirm the district court's dismissal with prejudice of Gray's official-capacity damage claims, his Eighth Amendment claim regarding LCF's 10:00 p.m. lights out policy and his due process, First Amendment and equal protection claims against various defendants for failing to answer his grievances. We also affirm denial of Gray's motions for appointment of counsel. We reverse the district court's judgment dismissing Gray's deliberate indifference claim against defendants Thomas, Lange, Morgan, Rios, Black, Shah, and Musllam and dismissing his retaliation claims with prejudice against defendants Engle, Tunstal, Simpkins, and Washington. We also reverse the denial of Gray's requests for leave to amend and remand the case for further proceedings consistent with this decision. In addition, we grant Gray's motion to proceed in forma pauperis and remind him that he must continue making partial payments until the entire fee has been paid in full.

Entered for the Court

Nancy L. Moritz
Circuit Judge

18