**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEAL**

**FOR THE TENTH CIRCUIT**
_____

JOHN ELDRIDGE CONE, JR.,

Plaintiff - Appellant,

v.

JANET DOWLING, Warden,

Defendants - Appellees.

No. 19-7068
(No. 6:16-00384-JHP-KEW)
(E.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

John Cone, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. For the reasons explained below, we deny Cone's request for a COA

and dismiss this matter.[2]

---

* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
*See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Cone's pro se filings. But we will not act as his
advocate by, for example, formulating possible arguments or combing the record for
support. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Per his notice of appeal, Cone also seeks to appeal the district court's later
order (1) construing his motion to alter or amend the judgment under Federal Rule of
Civil Procedure 59(e) as an unauthorized second or successive habeas petition and
(2) dismissing that motion. But Cone's combined opening brief and COA application
fails to raise any challenge to the district court's characterization or dismissal of his

1

In 2012, Cone shot and killed Skylar Brewer. Evidence at trial showed that Brewer took $25 from Cone and that Cone shot Brewer after Brewer returned the money. Although several witnesses testified to the contrary, Cone maintained that he shot Brewer in self-defense and in the heat of passion. The state trial court instructed the jury on the lesser-included offense of heat-of-passion manslaughter but did not instruct the jury on the more general heat-of-passion defense.

The jury convicted Cone of both first-degree murder and assault and battery with a deadly weapon. The state trial court sentenced Cone to life with the possibility of parole for the murder and imposed a concurrent five-year sentence for the assault. Cone appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA) and argued, as relevant here, that his trial counsel's failure to request an instruction on a heat-of-passion defense constituted ineffective assistance of counsel (IAC). He also asserted an IAC claim premised on his counsel's failure to object to purported victim-sympathy statements during the prosecutor's closing argument. The OCCA rejected Cone's arguments and upheld his convictions.

Cone then filed this § 2254 petition in federal court, asserting, among other things, the same IAC arguments that he raised in his direct appeal. The district court determined that the OCCA did not unreasonably apply the IAC standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), or rely on any unreasonable factual determinations when it denied Cone's IAC claims. *See* § 2254(d). Under *Strickland*, a

motion. We therefore decline to consider any such challenge and focus our attention, as Cone does, solely on the district court's initial order denying habeas relief.

2

defendant must demonstrate both deficient performance (that his attorney's actions "fell below an objective standard of reasonableness") and resulting prejudice (that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). 466 U.S. at 688, 694. And as the district court recognized, this deferential standard becomes "doubly deferential" in federal habeas proceedings, such that federal habeas courts "give both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (first quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

As to Cone's heat-of-passion IAC claim, the district court concluded that the OCCA's ruling—that Cone suffered no prejudice from counsel's failure to seek a jury instruction on a heat-of-passion defense because the absence of such an instruction was harmless—was not an unreasonable application of *Strickland* and did not turn on any unreasonable factual determinations. In so doing, the district court also concluded that the evidence did not support a jury instruction on the heat-of-passion defense. Next, regarding the prosecutorial-misconduct IAC claim, the district court similarly ruled that the OCCA did not unreasonably apply *Strickland* or other clearly established federal law when it found that no prosecutorial misconduct occurred and thus any IAC claim premised on the failure to object to such prosecutorial misconduct also failed.

Cone now seeks to appeal the district court's order denying his habeas petition, but he must first obtain a COA. *See* § 2253(c)(1). We will issue a COA only if Cone makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

3

§ 2253(c)(2). To do so, Cone must show "that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Cone first argues that reasonable jurists could debate the district court's rejection of his heat-of-passion IAC claim. In so doing, he contends that, contrary to the district court's assessment, the evidence supported instructing the jury on the heat-of-passion defense.[3] Therefore, according to Cone, his trial counsel provided prejudicial deficient performance by failing to object to the jury instructions.

Yet reasonable jurists could not debate the district court's analysis on this point. In particular, the district court determined that the only support for a heat-of-passion defense was Cone's "self-serving claim that he was afraid when [Brewer] attacked him by holding Cone's throat." R. vol. 1, 317. But Cone's statement "was contradicted by three other witnesses." *Id.* And as the district court correctly noted, under Oklahoma law, a defendant's self-serving statement concerning the homicide must be supported by other evidence to warrant a jury instruction. *See, e.g.*, *Davis v.*

---

[3] Cone's combined opening brief and COA application raises three arguments, the first two of which are heat-of-passion arguments. He first asserts that the evidence at trial only supported heat-of-passion manslaughter, not first-degree murder, and he second asserts that his counsel was ineffective for failing to request an instruction on the heat-of-passion defense. To the extent that his first claim raises a new constitutional claim based on alleged insufficient evidence supporting his conviction, that claim was not in Cone's original habeas petition, and we therefore will not address it here. *See Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) ("We do not review these claims because [the applicant] failed to assert them in his district[-]court petition for habeas relief."). But in construing Cone's pro se filings liberally, we consider his arguments regarding the evidence supporting heat of passion in the context of his heat-of-passion IAC claim.

*State*, 268 P.3d 86, 117 (Okla. Crim. App. 2011) ("A defendant's statements concerning the homicide are sufficient to warrant a jury instruction only if those statements are supported by other evidence presented at trial."). Here, Cone contends that "the prosecution never specifically asked [those] witnesses whether they had ever seen [Brewer] attack [Cone]" and that the prosecution's witnesses were unreliable. Aplt. Br. 6. But Cone's position does not refute or even render debatable the district court's conclusion that Cone's characterization of his own mental state, without more, does not require instructing the jury on a heat-of-passion defense. Thus, we decline to issue a COA on this basis.

Next, Cone argues that reasonable jurists could debate the district court's resolution of his prosecutorial-misconduct IAC claim because the district court incorrectly interpreted the prosecutor's statements during closing arguments and thus wrongly concluded that no prosecutorial misconduct occurred. In particular, Cone contends that the prosecutor improperly solicited victim sympathy when he stated that he had to be the "voice" of the victim. Aplt. Br. 7. True, prosecutors cannot "improperly encourage" the jury to allow sympathy for the victim to influence its decision. *Le v. Mullin*, 311 F.3d 1002, 1015 (10th Cir. 2002). But reasonable jurists could not debate the district court's interpretation of the prosecutor's statement. As the district court concluded, in context, "the prosecution was saying that regardless of the prosecutor's role, the jury must still follow the instructions" to not let sympathy influence its verdict. R. vol. 1, 321. Cone's disagreement with this interpretation does

5

not convince us that reasonable jurists could debate this point. We therefore decline to issue a COA on this claim. *See Slack*, 529 U.S. at 484.

Because reasonable jurists could not debate the district court's denial of Cone's § 2254 habeas petition, we deny Cone's request for a COA and dismiss this matter. Additionally, because Cone's claims do not warrant a COA and appointing counsel at this stage would not compel a different result, we deny Cone's motion to appoint counsel on appeal. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (noting that when deciding whether to appoint counsel, we consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims" (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991))); *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion.").

Entered for the Court


Nancy L. Moritz
Circuit Judge

6